THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA HERNANDEZ SOTRES,<br><br>    Plaintiff,<br><br> v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. C20-1501-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 7). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part Plaintiff's motion for the reasons explained herein.

**I. BACKGROUND**

Plaintiff brought suit in King County Superior Court in September 2020, alleging that Defendant, Plaintiff's underinsured motorist insurer, failed to promptly pay for Plaintiff's injuries following her settlement of claims against a tortfeasor arising from a 2015 automobile accident. (Dkt. No. 1-2.) Defendant removed the case in October 2020. (Dkt. No. 1.) Plaintiff now moves to remand, asserting that the amount in controversy requirement is not satisfied. (Dkt. No. 7.)

//

## II. DISCUSSION

### A. Legal Standard

A party to a civil action brought in state court may remove the action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). The removing defendant bears the burden of proving, by a preponderance of the evidence, each element necessary to establish jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists in civil actions when the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When the amount in controversy is not clear from the face of the complaint, courts may consider "summary judgment-type" evidence to determine whether the amount reaches the jurisdictional minimum. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### B. Amount in Controversy

Given that the parties are diverse, the issue presented is whether the amount in controversy exceeds $75,000. Defendant makes a number of arguments supporting its position that the jurisdictional threshold has been met. (Dkt. No. 8 at 6–10.) None are persuasive.

Defendant first argues, based on the following paragraph within the complaint, that it is clear from the face of the complaint the amount in controversy exceeds $75,000:

> "As Plaintiff had $100,000 of UIM coverage with Defendant GEICO, Defendant GEICO is legally responsible to pay all damages to Plaintiff arising from this underinsured motorist collision, which are in excess of the tortfeasor's policy limits."

(Dkt. No. 1-1 at 3.)

1        According to Defendant, Plaintiff is alleging that the entire policy limit "is at stake in this
2 litigation." (Dkt. No. 8 at 7.) But Plaintiff's complaint merely indicates that she had coverage *up*
3 *to* $100,000—not that she was *seeking* $100,000 in damages. *See Dowd v. Amco Ins. Co.*, 2013
4 WL 12120457, slip op. at 2 (W.D. Wash. 2013) ("[T]he demonstration of policy limits does not
5 in any way constitute evidence of the actual amount in controversy."); *see also Hartford Ins.*
6 *Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (rejecting an argument "that the policy
7 limits determine the amount in controversy"). It simply is not clear from the face of the
8 complaint what the amount in controversy is.
9        "[D]efendant bears the burden of establishing, by a preponderance of the evidence, that
10 the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of*
11 *Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Defendant next asserts that it has met this
12 requirement, based upon the nature and type of damages claimed by Plaintiff. (Dkt. No. 8 at 7.)
13 Specifically, Defendant relies on Plaintiff's claims for "'serious bodily injury, substantial
14 medical expenses, past and future pain and suffering, and loss of enjoyment of life, among other
15 things'" as well as Plaintiff's claims seeking enhanced damages. (*Id.* at 8 (quoting Dkt. No. 1-2
16 at 3).) But Defendant provides no evidence that would allow the Court to value these claims.
17 (*See generally* Dkt. No. 8.) Instead, Defendant speculates that the value must exceed the
18 jurisdictional threshold. (*Id.* at 7–9.) "[A] defendant cannot establish removal jurisdiction by
19 mere speculation and conjecture." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir.
20 2015). Nor are Defendant's references to what it describes as "similar cases" persuasive. (Dkt.
21 No. 8 at 8.) Each are distinguishable. In *Lenhart v. Mid-Cent. Ins. Co.*, 2018 WL 1811365, slip
22 op. at 1 (W.D. Wash. 2018), the amount in controversy could be determined by reference to a
23 previous arbitration award for a sum certain. Similarly, in *Wilson v. Geico Indem. Co.*, 2018 WL
24 3594474, slip op. at 2 (W.D. Wash. 2018), the amount in controversy could be determined by
25 reference to the parties' agreed baseline of the sum certain amount at issue. No sum certain is
26 available here as a starting point.

ORDER
C20-1501-JCC
PAGE - 3

Defendant has failed to meet its burden of establishing, by a preponderance of the evidence, that Plaintiff's claims exceed $75,000.

### C.   Attorney Fees

Plaintiff seeks attorney fees and expenses in moving for remand. (Dkt. No. 7 at 7.) Such an award is appropriate "when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendant's basis for removal—the nature and variety of Plaintiff's claims in light of the potential for enhanced damages—while ultimately not supported by the evidence presented, is an objectively reasonable basis to seek removal. Therefore, the Court finds that an award of attorney fees and expenses is not appropriate in this instance.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand (Dkt. No. 7) is GRANTED in part. The Clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 25th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE